UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

JOHN DOE #1 et al.,

                    Plaintiffs,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                    Defendant.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**16-CV-1684 (NGG) (RLM)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiffs, Families for Excellent Schools and 23 minor John/Jane Does (the "Doe Plaintiffs"), assert a class action against Defendant, the New York City Department of Education ("DOE"), alleging that Defendant has failed to adequately protect Plaintiffs and similarly situated students from "in-school violence." (2d Am. Compl. (Dkt. 20).) Before the court is Plaintiffs' motion requesting preliminary discovery ("Plaintiffs' Motion"). (Pls.' Mot. for Disc. ("Pl. Mot.") (Dkt. 23) at 6.) Defendant opposes the motion in part, and makes an additional request for discovery ("Defendant's Response"). (Def.'s Resp. in Opp'n to Mot. for Disc. ("Def. Resp.") (Dkt. 26).) For the reasons below, Plaintiff's Motion is GRANTED IN PART AND DENIED IN PART. Defendant's request for additional discovery is DENIED WITHOUT PREJUDICE.

## I. BACKGROUND

On October 18, 2016, the court granted leave for Defendant to file a motion to dismiss and set a deadline of March 17, 2017, for the fully briefed motion. (Oct. 18, 2016, Min. Entry.) When Plaintiffs asked about proceeding with discovery, the court instructed Plaintiffs to "file a

1

letter explaining why limited discovery would be appropriate at this time" if "Plaintiffs wish to proceed with limited discovery before the court rules on the motion to dismiss." (Id.)

Plaintiffs now request discovery on two categories of documents: (1) "DOE policies and procedures" that were in effect from January 1, 2013, to the present "concerning student bullying and violence, corporal punishment by teachers or other DOE staff, and verbal abuse by teachers or other DOE staff"; and (2) "All DOE documents, emails, and text messages concerning incidents" described in the Second Amended Complaint involving the 23 Doe Plaintiffs. (Pl. Mot. at 6.)

In response, Defendant raises concerns including Defendant's procedural obligations under the Family Educational Records Protection Act ("FERPA"), 20 U.S.C. § 1232g, as well as the baseline costs of conducting the requested electronic discovery, which implicates several DOE employees at several schools across several years. (See generally Def. Resp.) Defendant expressed its continued willingness to provide a more limited scope of preliminary discovery, as articulated in a letter dated October 13, 2016, as long as Plaintiffs agreed to a protective order to safeguard students' FERPA privacy rights. (See Def. Resp.; Def. Oct. 13, 2016, Ltr. (Ex. 1, Def. Resp.) (Dkt. 26-1).) Plaintiffs have indicated their willingness "to accept [] documents under an appropriate protective order." (Pl. Mot. at 5.)

Defendant's Response also includes a request for two types of additional information from Plaintiffs: (1) the names of the alleged bullies who are described anonymously in the Second Amended Complaint, and (2) details on any Doe Plaintiffs whose claims have been mooted. (Def. Resp. at 6.) Plaintiffs did not file a reply addressing this request.

2

## II. DISCUSSION

### A. Legal Standard

Courts in this jurisdiction agree that "there is no automatic stay of discovery pending the determination of a motion to dismiss." Rivera v. Inc. Vill. of Farmingdale, No. 06-CV-2613 (DRH) (ARL), 2007 WL 3047089, at *1 (E.D.N.Y. Oct. 17, 2007) (citation omitted). When district courts consider staying discovery during the pendency of a motion to dismiss, they typically examine factors such as: "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." Am. Fed'n of Musicians & Emp'rs' Pension Fund v. Atl. Recording Corp., No. 15-CV-6267 (GHW), 2016 WL 2641122, at *1 (S.D.N.Y. Jan. 8, 2016) (citation omitted).

### B. Analysis

#### 1. Plaintiffs' Requested Discovery

This case raises challenging questions about the scope of constitutional rights, the use of statistical evidence, and the interplay of administrative and judicial remedies. (See Pl. Mot. at 3-5; Def. Resp. at 6-7.) Without commenting on the merits at this stage, the court notes Defendant's contention that certain among Plaintiff's legal theories do not flow directly from clear, binding precedent. (See Defs.' Appl. for Pre-Mot. Conf. (Dkt. 22); see also, e.g., Pl. Mot. at 4 (acknowledging that "the Second Circuit has yet to rule" on the legal theory underpinning their substantive due process claim).) Defendant has also persuasively argued that Plaintiffs' requested discovery would be burdensome and expensive. (Def. Resp. at 4-5.) Plaintiffs, meanwhile, have not alleged any specific prejudice from the stay, though the court acknowledges Plaintiffs' call for urgency in light of their allegations of "a widespread, systemic deprivation of

3

education rights across the New York City public school system on a daily basis." (Pl. Mot. at 6.)

After considering these factors, the court finds that the limited discovery proposed in Defendant's letter of October 13, 2016, appropriately balances the parties' competing concerns. Plaintiffs will receive certain key documents during the pendency of Defendant's motion, subject to an appropriate protective order. If the court ultimately determines that certain claims must be dismissed, Defendant will be spared the burden of comprehensive document production and the attendant FERPA notification obligations.

### 2. Defendant's Requested Discovery

Defendant requests that Plaintiffs provide the names of the alleged bullies described in the Second Amended Complaint, and the names of any Doe Plaintiffs whose claims have been mooted since the suit was initiated. (Def. Resp. at 6.) The court is not prepared to order Defendant's requested discovery at this time. Unlike Plaintiff, Defendant did not request briefing on preliminary discovery at the October 18, 2016, Pre-Motion Conference. Moreover, the requested information does not appear to be material for arguing a motion to dismiss, and Defendant has chosen to oppose general discovery until its anticipated motion is decided. (Id. at 2.) To avoid prejudice to Defendant, however, the court will permit Defendant to renew this request before Magistrate Judge Roanne L. Mann, if Defendant so wishes.

## III. CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Discovery (Dkt. 23) is GRANTED IN PART AND DENIED IN PART. The parties are DIRECTED to jointly propose to Judge Mann a plan for preliminary discovery consistent with this opinion by January 5, 2017. Defendant's request for additional discovery is DENIED WITHOUT PREJUDICE. Should Defendant wish to pursue the requested discovery at this time, Defendant may direct such request to Judge Mann.

No additional requests for discovery will be considered until the court rules on Defendant's anticipated motion to dismiss.

SO ORDERED.

Dated: Brooklyn, New York
      December 5, 2016

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge