UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JOHN DOE #1, a minor by his parent and natural guardian PARENT #1; JOHN DOE #2, a minor by his parent and natural guardian PARENT #2; JOHN DOE #3, a minor by his parent and natural guardian PARENT #3; JANE DOE #4, a minor by her parent and natural guardian PARENT #4; JANE DOE #5, a minor by her legal guardian GRANDPARENT #5; JANE DOE #6 a minor by her legal guardian GRANDPARENT #5; JOHN DOE #7, a minor by his parent and natural guardian PARENT #7; JANE DOE #8, a minor by her parent and natural guardian PARENT #8; JOHN DOE #9, a minor by his parents and natural guardians PARENT # 9A and PARENT #9B; JANE DOE #10, a minor by her parent and natural guardian PARENT #10; JANE DOE #11, a minor by her parent and natural guardian PARENT #11; JANE DOE #12, a minor by her parent and natural guardian PARENT #12; JOHN DOE #13, a minor by his parent and natural guardian PARENT #13; JANE DOE #14, a minor by her parent and natural guardian PARENT #14; JANE DOE #15, a minor by her parent and natural guardian PARENT #15; JOHN DOE #16, a minor by his parent and natural guardian PARENT #16; JOHN DOE #17, a minor by his parents and natural guardians PARENT #17A and PARENT #17B; JOHN DOE #18, a minor by his parents and natural guardians PARENT #18A and PARENT #18B; JOHN DOE #19, a minor by his parent and natural guardian PARENT #19; JANE DOE #20, a minor by her parent and natural guardian PARENT #20; JOHN DOE #21, a minor by his parent and natural guardian PARENT #21; JOHN DOE #22, a minor by his parent and natural guardian PARENT #22; and JOHN DOE #23, a minor by his parent and natural guardian PARENT #23, on behalf of all persons similarly situated,

Plaintiffs,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

Defendant.

------------------------------------------------------------------------ x

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, CLASS CERTIFICATION, CERTIFICATION OF CLASS REPRESENTATIVES, APPROVAL OF SELECTION OF COUNSEL, AND NOTICE TO CLASS MEMBERS**

16-CV-1684 (NGG)(RLM)

## **TABLE OF CONTENTS**

I.    INTRODUCTION ........................................................................................................... 1

II.   SUMMARY OF CLAIMS ........................................................................................... 3

III.  ARGUMENT ................................................................................................................ 8

   A.  Proposed Class Satisfies the Requirements of Rule 23 for Class Certification ................. 8

     1.  Rule 23(a) Standards ......................................................................................... 8

     2.  Rule 23(b) Standards ....................................................................................... 13

     3.  Proposed Counsel Are More Than Adequate to Serve as Class Counsel ..................... 13

     4.  The Proposed Notice to the Class is Appropriate .......................................... 14

   B.  The Proposed Settlement Merits Preliminary Approval ..................................... 15

     1.  Alleged Inability to Document and Track Complaints ................................... 17

     2.  Alleged Failure to Investigate Complaints .................................................... 18

     3.  Alleged Failure to Remediation Substantiated Cases .................................... 19

     4.  Better Tracking and Robust Enforcement Provisions .................................... 20

     5.  The Proposed Settlement Does Not Grant Preferential Treatment to Plaintiffs ............ 21

   IV.  CONCLUSION ........................................................................................................... 22

## TABLE OF AUTHORITIES

**Cases**

*Amara v. CIGNA Corp.*,
   775 F.3d 510 (2d Cir. 2014) ............................................................................................. 13

*Butto v. Collecto Inc.*,
   290 F.R.D. 372 (E.D.N.Y. 2013) ....................................................................................... 9

*Charron v. Wiener*,
   731 F.3d 241 (2d Cir. 2013) ............................................................................................. 11

*Consol. Rail Corp. v. Town of Hyde Park*,
   47 F.3d 473 (2d Cir. 1995) ................................................................................................. 8

*D.S. v. New York City Dep't of Educ.*,
   255 F.R.D. 59 (E.D.N.Y. 2008) ....................................................................................... 16

*Denney v. Deutsche Bank AG*,
   443 F.3d 253 (2d Cir. 2006) ....................................................................................... 11, 12

*Fleischman v. Albany Med. Ctr.*,
   No. 1:06-CV-765, 2008 WL 2945993 (N.D.N.Y. July 28, 2008) ..................................... 14

*Handberry v. Thompson*,
   446 F.3d 335 (2d Cir. 2006) ............................................................................................... 3

*Hertz v. Canrad Precision Indus., Inc.*,
   No. 69-CV-174, 1970 WL 236 (S.D.N.Y. Jan. 29, 1970) ............................................... 14

*Hill v. City of New York*,
   136 F. Supp. 3d 304 (E.D.N.Y. 2015) ............................................................................... 8

*In re Initial Pub. Offering Sec. Litig.*,
   243 F.R.D. 79 (S.D.N.Y. 2007) ....................................................................................... 16

*In re Vitamin C Antitrust Litig.*,
   279 F.R.D. 100 (E.D.N.Y. 2012) ..................................................................................... 11

*Kindle v. Dejana*,
   315 F.R.D. 7 (E.D.N.Y. 2016) ....................................................................................... 8, 9

*Kurtz v. Kimberly-Clark Corp.*,
   321 F.R.D. 482 (E.D.N.Y. 2017) ................................................................................ 10, 11

*Marcus v. AXA Advisors, LLC*,
   307 F.R.D. 83 (E.D.N.Y. 2015) ....................................................................................... 10

*Marisol A. v. Giuliani*,
   126 F.3d 372 (2d Cir. 1997) ............................................................................................... 8

*R.A.G. ex rel R.B. v. Buffalo City Sch. Dist. Bd. of Educ.*,
   569 Fed. App'x 41 (2d Cir. 2014) ..................................................................................... 13

*Reade-Alvarez v. Eltman, Eltman & Cooper, P.C.*,
   237 F.R.D. 26 (E.D.N.Y. 2006) ....................................................................................... 15

*Robidoux v. Celani*,
   987 F.2d 931 (2d Cir. 1993) ......................................................................................... 8, 10

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
   396 F.3d 96 (2d Cir. 2005) ............................................................................................... 15

## Statutes

20 U.S.C. § 1400 ........................................................................................................................... 7
42 U.S.C. § 1983 ........................................................................................................................... 6
Federal Rule of Civil Procedure 23(a) ................................................................................ 2, 8, 22
Federal Rule of Civil Procedure 23(a)(1) ...................................................................................... 8
Federal Rule of Civil Procedure 23(a)(2) ...................................................................................... 9
Federal Rule of Civil Procedure 23(a)(3) .................................................................................... 10
Federal Rule of Civil Procedure 23(a)(4) ............................................................................... 11, 12
Federal Rule of Civil Procedure 23(b) ................................................................................ 2, 12, 22
Federal Rule of Civil Procedure 23(b)(2) .......................................................................... 9, 13, 14
Federal Rule of Civil Procedure 23(c)(2)(A) ............................................................................... 14
Federal Rule of Civil Procedure 23(e) .................................................................................. 14, 15
Federal Rule of Civil Procedure 23(e)(1) ............................................................................. 14, 22
Federal Rule of Civil Procedure 23(g) .................................................................................. 13, 22
Federal Rule of Civil Procedure 23(g)(1) .................................................................................... 13
Federal Rule of Civil Procedure 23(g)(1)(a) ............................................................................... 14
N.Y. Constitution, Article XI, § 1 ................................................................................................. 3
N.Y. Education Law § 12(1) .......................................................................................................... 4
N.Y. Education Law § 13 ............................................................................................................... 4
N.Y. Education Law § 3202 ........................................................................................................... 3
New York Civil Practice Laws and Rules 7803 ............................................................................ 7

## I.     INTRODUCTION

On August 31, 2016, Plaintiffs John Doe #1, John Doe #2, John Doe #3, Jane Doe #4, Jane Doe #5, Jane Doe #6, John Doe #7, Jane Doe #8, John Doe #9, Jane Doe #10, Jane Doe #11, Jane Doe #12, John Doe #13, Jane Doe #14, Jane Doe #15, John Doe #16, John Doe #17, John Doe #18, John Doe #19, Jane Doe #20, John Doe #21, John Doe #22, and John Doe #23, by their parents or legal guardians (the "Plaintiffs") filed a Second Amended Complaint. Plaintiffs allege that Defendant New York City Department of Education (the "DOE") failed to implement a comprehensive system to report, investigate, and remediate student-on-student bullying, staff-on-student corporal punishment, and/or staff-on-student verbal abuse, which allegedly deprived Plaintiffs of their rights to education and, thus, violated their rights under the Fourteenth Amendment to the U.S. Constitution, the Individuals with Disabilities Education Act ("IDEA"), the New York State Constitution, and New York State law.

Following a proceeding before Judge Nicholas Garaufis on October 18, 2016, the parties began settlement discussions. On March 14, 2018, after almost a year and a half of diligent and complex settlement discussions, the parties reached a proposed settlement that includes system-wide changes to DOE's policies and procedures for dealing with student-on-student bullying and staff-on-student corporal punishment and verbal abuse (the "Proposed Settlement"). *See* Walden Decl. Ex. A. Therefore, the parties request that the Court:

1. Certify a class consisting of all present and future K-12 students who attend, or will attend, a school operated and managed by DOE who have been, become, or who will claim to be, the victim of:

1

    a.       Conduct by a student that violates Chancellor's Regulation A-832, which prohibits student-on-student discrimination, harassment, intimidation and bullying ("Bullying"),

    b.       Conduct by DOE staff that violates Chancellor's Regulation A-420, which prohibits the use of physical force by DOE staff on a student for purposes of punishing the student ("Corporal Punishment"), and/or

    c.       Conduct by DOE staff that violates Chancellor's Regulation A-421, which prohibits verbal abuse of a student by DOE staff ("Verbal Abuse");

2.      Grant preliminary approval of the Proposed Stipulation and Order of Settlement;

3.      Certify Plaintiffs as representatives of this class;

4.      Approve the Proposed Notice of Proposed Settlement of Class Action (the "Proposed Notice") and the proposed methods of distribution of the Proposed Notice to the class;

5.      Appoint Plaintiffs' counsel, Walden Macht & Haran LLP, as class counsel; and

6.      Schedule a fairness hearing at a date and time designated by the Court.

As set forth below, Plaintiffs have satisfied the requirements of Rules 23(a) and (b) of the Federal Rules of Civil Procedure for class certification, the Proposed Settlement is substantively fair and merits preliminary approval, Plaintiffs' counsel are sufficiently qualified to serve as class counsel, and the Proposed Notice is reasonable and appropriate. Accordingly, based upon the arguments below, as well as the Declaration of Jim Walden, dated April 9, 2018, in support of the Motion, and the allegations in the Second Amended Complaint, Plaintiffs respectfully request that the Motion be granted in full. Defendant DOE joins in the application for the relief requested in this Motion, although it does not adopt the legal analysis, factual allegations, or conclusions

concerning Plaintiffs' causes of action that are stated below, as set forth in the Declaration of Marilyn Richter, dated April 9, 2018.

## II.    SUMMARY OF CLAIMS

The Second Amended Complaint ("SAC") details the experiences of Plaintiffs who, while attending DOE schools, allegedly suffered Bullying, Corporal Punishment, and/or Verbal Abuse, including assault, menacing, threats, and intimidation, by other students or Defendant DOE's staff. Plaintiffs allege that, despite notifying DOE of these incidents, DOE engaged in a custom and practice of noncompliance with respect to its own policies and procedures concerning Bullying, Corporal Punishment, and Verbal Abuse. As a result, Plaintiffs allege that DOE violated Plaintiffs' rights under the U.S. Constitution, the IDEA, the New York State Constitution, and New York State law.

Under the New York State Constitution and New York State law, children are entitled to a free public education. *See* N.Y. CONST. art. XI, § 1 ("The legislature shall provide for the maintenance and support of a system of free common schools, wherein all the children of this state may be educated."); N.Y. EDUC. L. § 3202 ("A person over five and under twenty-one years of age who has not received a high school diploma is entitled to attend the public schools maintained in the district in which such person resides without the payment of tuition."). The Second Circuit has interpreted this as "creat[ing] a property interest in education protected by the Fourteenth Amendment" to the U.S. Constitution. *Handberry v. Thompson*, 446 F.3d 335, 353 (2d Cir. 2006).

In 2010, the New York State Legislature enacted the Dignity for All Students Act ("DASA"), which is codified in Article 2 of the New York Education Law, N.Y. EDUC. L. §§ 10-18. The law was enacted on the premise that "students' ability to learn and to meet high academic standards, and a school's ability to educate its students, are compromised by incidents of

3

discrimination or harassment including bullying, taunting or intimidation." N.Y. EDUC. L. § 10. DASA provides that "[n]o student shall be subjected to harassment or bullying by employees or students on school property or at a school function." *Id.* § 12(1). Among other things, DASA requires school districts to adopt "[p]olicies and procedures intended to create a school environment that is free from harassment, bullying and discrimination." *Id.* § 13. In response to DASA, DOE revised its regulations that pertain to Bullying and Verbal Abuse, specifically Chancellor's Regulations A-832 and A-421.

Chancellor's Regulation A-832 ("CR-A832") prohibits any student from "creat[ing] a hostile school environment" for another student by conduct that unreasonably and substantially interferes with another student's education. CR-A832 (I)(C). It establishes requirements for how schools must address and respond to reported incidents of student-on-student discrimination, harassment, intimidation, and bullying. CR-A832 (II)-(IV). Chancellor's Regulation A-420 ("CR-A420") prohibits corporal punishment which is defined as "any act of physical force upon a student for the purpose of punishing that student" by a teacher or other DOE employee. CR-A420 (I)-(II). Chancellor's Regulation A-421 ("CR-A421") prohibits verbal abuse of students, such as language that belittles a student or substantially interferes with the student's educational performance and well-being, by a teacher or other DOE employee. CR-A421 (I). Both CR-A420 and CR-A421 establish requirements for how schools and DOE's Office of Special Investigations report, investigate, and determine whether allegations of corporal punishment and verbal abuse are substantiated. CR-A420 (IV)-(VII) & CR-A421 (IV)-(VII).

Plaintiffs allege that they were often unable to report allegations of Bullying, Corporal Punishment, and Verbal Abuse because DOE staff ignored them or were otherwise repeatedly unavailable. *See, e.g.,* SAC ¶ 154 (alleging that a principal failed to respond to the parent of John

Doe #1, who made multiple attempts to report a Bullying incident, including by email, telephone, and in-person). Often, DOE staff either cancelled meetings or attended perfunctory ones, but did not document the allegations. *See, e.g.,* SAC ¶ 250 (alleging that Jane Doe #4 reported an incident to a school dean who did not document the incident or prepare any reports); SAC ¶¶ 581-583 (alleging that a principal cancelled a meeting with a parent and did not respond to requests to reschedule).

Plaintiffs also allege that DOE staff regularly failed to investigate reported incidents, as required by DOE regulations. When Plaintiffs followed up with DOE staff, they refused to provide updates and documents regarding the incidents. *See, e.g.,* SAC ¶ 240 (alleging that a principal refused to provide the parent of Jane Doe #4 the incident report, claiming that she was not entitled to it); SAC ¶ 752 (alleging that an assistant principal refused to inform the parent of Jane Doe #20 of investigative or remediative steps other than that he "took care of it."). Several parents could not even determine whether the incidents had been substantiated to DOE staff.

Plaintiffs further allege that, even when DOE substantiated a complaint, it did not take any or sufficient steps to redress the situation. Sometimes, DOE staff claimed that it was impossible for the school to address the problem. *See, e.g.,* SAC ¶ 728 (alleging that, with regards to bullying during lunch, a teacher told the parent of Jane Doe #20, in sum and substance, that "it was impossible to watch the students closely at lunch as there were too many students" and the assistant principle "said that all the school could do was try to keep the girls apart during lunchtime."). Other times, DOE blamed the victim and took actions that were detrimental to their education. *See, e.g.,* SAC ¶ 220 (alleging that after a corporal punishment incident involving a math teacher, John Doe #3 was removed from his math class, placed in a kindergarten classroom, and did not

5

receive any math instruction."); SAC ¶ 498 (alleging that a principal told Jane Doe #12's parent that "there is no bullying here" and "your child is too sensitive.").

Given DOE's alleged inaction with respect to allegations of Bullying, Corporal Punishment, and Verbal Abuse, several of the Plaintiffs no longer felt safe in their schools. Plaintiffs claim that when their parents requested a transfer to another DOE school, DOE staff refused, sometimes providing false information regarding transfer procedures. *See, e.g.,* SAC ¶ 368 (alleging that a principal falsely told John Doe #7's parent that a police report was required for a transfer). Doing so forces students to remain in an unsafe environment where they face the risk of repeated incidents of Bullying, Corporal Punishment, and Verbal Abuse and, thus, cannot obtain a public education.

Plaintiffs' first, second, and third causes of action are brought pursuant to 42 U.S.C. § 1983. The first cause of action alleges that DOE has deprived Plaintiffs of their property interests in a public education without procedural due process of law, in violation of the Due Process Clause of Fourteenth Amendment to the U.S. Constitution. The second cause of action alleges that DOE has failed to protect the liberty interests of elementary school students—who, given the totality of the circumstances, including youth, compulsory attendance laws, and other DOE policies are in a special relationship with, and dependent on, DOE to protect their physical safety—from dangers that occur within DOE's school system. The third cause of action alleges that DOE's failure to comply with and enforce CR-A832, CR-A420, and CR-A421 violates the Equal Protection Clause of the Fourteenth Amendment. Specifically, it alleges that DOE's failure to comply with its policies, and the resultant deprivation of education, is especially endemic in schools where the majority of students are Black or Hispanic.

Plaintiffs' fourth cause of action alleges that DOE's failure to comply with CR-A832, CR-A420, and CR-A421 deprives students with disabilities of their rights to a free and appropriate public education, in violation of the IDEA. The IDEA ensures that "all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living." 20 U.S.C. § 1400(d)(1)(A). Plaintiffs allege that as a result of the DOE's failure to maintain safe and violence-free schools, students with disabilities cannot obtain their educational rights.

The fifth cause of action alleges that DOE has deprived Plaintiffs of their rights to education, as guaranteed by the New York State Constitution and New York State law. The sixth cause of action alleges that DOE has violated New York State law by failing to perform duties enjoined upon them by law within the meaning of New York Civil Practice Laws and Rules 7803(1) and failing to follow lawful procedure within the meaning of New York Civil Practice Laws and Rules 7803(3).

Plaintiffs request that the Court certify a class of all present and future K-12 students who attend, or will attend, a school operated and managed by DOE and who have been, become, or will claim to be the victim of behavior that violates CR-A832, CR-A420, or CR-A421 (the "Proposed Class"). This Proposed Class seeks revision of DOE's policies and procedures concerning Bullying, Corporal Punishment, and Verbal Abuse.

Plaintiffs also seek to be certified as representatives of the Proposed Class. They are all current or former students at a school operated and managed by DOE. As described in detail in the Second Amended Complaint, Plaintiffs allege they have been the victims of Bullying, Corporal Punishment, and Verbal Abuse. Despite each Plaintiff allegedly reporting their incidents to DOE

7

staff, DOE failed to comply with the applicable regulations that DOE had adopted to redress such incidents.

## III.    ARGUMENT

### A.    Proposed Class Satisfies the Requirements of Rule 23 for Class Certification

To be certified as a class, Plaintiffs must satisfy the requirements of Rule 23.  The Second Circuit has stated that "Rule 23 is given liberal rather than restrictive construction . . . ."  *Marisol A. v. Giuliani*, 126 F.3d 372, 377 (2d Cir. 1997) (*quoting Sharif ex rel. Salahuddin v. New York State Educ. Dep't.*, 127 F.R.D. 84, 87 (S.D.N.Y.1989)).

#### 1.    Rule 23(a) Standards

For class certification, Rule 23(a) prescribes four requirements.  The court must determine whether "(1) that the class is so numerous that joinder of all members is impracticable ('numerosity'); (2) that there are questions of law or fact common to the class ('commonality'); (3) that the claims or defenses of the representative party are typical of the claims or defenses of the class ('typicality'); and (4) that the representative party will fairly and adequately represent the interests of the class ('adequacy of representation')."  *Kindle v. Dejana*, 315 F.R.D. 7, 10–11 (E.D.N.Y. 2016).

##### a.    The Proposed Class Satisfies the Numerosity Requirement of Rule 23(a)(1)

The Second Circuit has found that "numerosity is presumed at a level of 40 members" or more.  *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995).  It has not "required evidence of exact class size or identity of class members to satisfy the numerosity requirement."  *Robidoux v. Celani*, 987 F.2d 931, 935 (2d Cir. 1993).  Furthermore, the Second Circuit has relaxed the numerosity requirement in class action cases seeking injunctive relief.  *Hill v. City of New York*, 136 F. Supp. 3d 304, 353 (E.D.N.Y. 2015) ("Additionally, 'the Second Circuit

has relaxed the numerosity requirement where' as here 'the putative class seeks injunctive and declaratory relief pursuant to Rule 23(b)(2).'") (*quoting Nicholson v. Williams*, 205 F.R.D. 92, 98 (E.D.N.Y. 2001)).

Here, the number of potential class members is well in excess of 40 members. DOE is the largest school district in the United States and currently serves over 1.1 million students. Every year, at least 80,000 new students enter DOE schools, and the Proposed Settlement will be effective for either four or five years, resulting in a minimum of 32,000 additional class members protected by the system-wide reform under the settlement's terms. Although the exact number of students who have been, become, or who will claim to be, the victims of Bullying, Corporal Punishment, and/or Verbal Abuse is not known, it is certainly far greater than 40. Indeed, there are 23 named plaintiffs here. Accordingly, the numerosity requirement is easily satisfied.

        **b.**      **The Proposed Class Satisfies the Commonality Requirement of Rule 23(a)(2)**

Commonality is satisfied when "there are questions of law or fact common to the class." *Kindle*, 315 F.R.D. at 10. The Supreme Court has stated that "[w]hat matters to class certification . . . is not the raising of common questions – even in droves – but, rather the capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (*quoting* Richard A. Nagareda, Class Certification in the Age of Aggregate Proof, 85 N.Y.U.L. REV. 97, 132 (April 2009)) (emphasis in original). The "individual circumstances of the class members may differ without precluding class certification." *Butto v. Collecto Inc.*, 290 F.R.D. 372, 392 (E.D.N.Y. 2013).

Here, the Proposed Class satisfies the requirement of commonality because each class member's claimed injury is caused by the same alleged conduct, namely DOE's purported custom and practice of failing to comply with, and enforce, its regulations and policies. The common

questions of law and fact include, among others, whether DOE complied with CR-A832, CR-A420, and/or CR-A421.  Further, the system-wide injunctive relief requiring DOE to revise its regulations/policies and enforce those revised regulations/policies can resolve the Proposed Class' injuries.  The satisfaction of the commonality requirement is also confirmed by the sweeping systemic nature of the Proposed Settlement, which surely represents the kind of changes, or "common answers," that will beneficially affect all future complaints of Bullying, Corporal Punishment, and Verbal Abuse.

**c.    The Proposed Class Satisfies the Typicality Requirement of Rule 23(a)(3)**

Rule 23's typicality requirement "focuses on *how* the named plaintiff's claims compare to the claims of the other class members." *Kurtz v. Kimberly-Clark Corp.*, 321 F.R.D. 482, 532 (E.D.N.Y. 2017) (*quoting Morangelli v. Chemed Corp.*, 275 F.R.D. 99, 104 (E.D.N.Y. 2011)) (emphasis in original).  It is satisfied when "each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." *Id.* at 533 (*quoting Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561, 565 (S.D.N.Y. 2014)).  Courts have found that the typicality requirement is met when "named plaintiff's claims share the same essential characteristics as that of the proposed class." *Marcus v. AXA Advisors, LLC*, 307 F.R.D. 83, 100 (E.D.N.Y. 2015).  When the same conduct is alleged to have been "directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of minor variations in the fact patterns underlying individual claims." *Robidoux*, 987 F.2d at 936-937 (citation omitted).

Here, Plaintiffs' claims are typical of the claims of the entire class.  Plaintiffs allege that DOE engaged in a custom and practice of noncompliance and non-enforcement with respect to its policies and that this custom and practice deprived them of educational opportunities.  This custom

10

and practice applies equally to all members of the Proposed Class.  In addition, the harms allegedly suffered by Plaintiffs are typical of those allegedly suffered by other class members, who similarly have been allegedly deprived of educational opportunities due to the level of Bullying, Corporal Punishment, and Verbal Abuse in schools on account of DOE's alleged custom and practice of noncompliance with relevant regulations.  Factual differences regarding each class member's underlying incident do not render Plaintiffs' claims atypical because in each instance, their claim is that DOE's response to their underlying incidents was allegedly in violation of DOE's own policies.

### d.    The Proposed Class Satisfies the Adequacy Requirement of Rule 23(a)(4)

In analyzing the adequacy of class representatives, the threshold matter is whether the class representative "is a member of the class it purports to represent." *In re Vitamin C Antitrust Litig.*, 279 F.R.D. 90, 100 (E.D.N.Y. 2012).  Once this threshold is met, courts apply a three-part test:

> First, plaintiff must "demonstrate that class counsel is qualified, experienced . . . [and] generally able to conduct the litigation,' and that no conflicts exist that 'might impair its representation." Second, "the named plaintiff must show that there is no conflict of interest between the named plaintiffs and other members of the plaintiff class." Third, "a named plaintiff must exhibit enough integrity and credibility to convince the court that the named plaintiff will diligently perform its fiduciary duties to the class."

*Kurtz*, 321 F.R.D. at 536 (E.D.N.Y. 2017) (citations omitted).  The Second Circuit has instructed that "[t]o ensure that all members of the class are adequately represented, district courts must make sure that the members of the class possess the same interests, and that no fundamental conflicts exist among the members." *Charron v. Wiener*, 731 F.3d 241, 249 (2d Cir. 2013).  It has noted that "[a] conflict or potential conflict alone will not, however, necessarily defeat class certification—the conflict must be 'fundamental.'" *Denney v. Deutsche Bank AG*, 443 F.3d 253,

11

268 (2d Cir. 2006) (*citing In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 145 (2d Cir.2001).

Here, Plaintiffs meet the threshold matter as they are all current or former students at DOE schools and claim to be victims of behavior that allegedly violates CR-A832, CR-A420, and/or CR-A421. *See* Walden Decl. at 16-38. The Proposed Class also satisfies the remaining adequacy requirements of Rule 23(a)(4). First, Plaintiffs retained counsel with significant experience in class actions, complex civil litigations, and civil rights claims. The lead lawyer on Plaintiffs' counsel's team has previously been certified in two class action matters. *See* Walden Decl. at ¶ 4. Second, no fundamental conflict exists between Plaintiffs and other members of the Proposed Class. The interests of all class members are aligned because they allegedly suffered the same harm (*i.e.*, claimed deprivation of educational rights due to DOE's purported custom and practice of noncompliance) and seek the same relief. Under the Proposed Settlement, all class members will obtain system-wide injunctive relief that serves their collective interests in DOE maintaining and enforcing policies and procedures that adequately address Bullying, Corporal Punishment, and Verbal Abuse. Although the Proposed Settlement contemplates providing some of the Plaintiffs with individual relief, it does not constitute disparate recovery because it is consistent with the overall initiatives provided by the Proposed Settlement. *See* Proposed Settlement ¶ 52. In addition, the Proposed Settlement reserves the rights of class members to seek individual declaratory and injunctive relief and damages. *See* Walden Decl. at ¶ 12; *see also* Proposed Settlement ¶ 32. Third, Plaintiffs can diligently perform their fiduciary duties to the Proposed Class. They claim to have suffered serious and/or repeated incidents of Bullying, Corporal Punishment, or Verbal Abuse, are knowledgeable about the facts and effects of school violence, and can adequately represent the Proposed Class.

## 2.    Rule 23(b) Standards

Under Rule 23(b)(2), the Court must determine whether "the party opposing the class," although here DOE joins in this application, "has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Certification "under Rule 23(b)(2) is appropriate where the remedy sought is 'an indivisible injunction' that applies to all class members 'at once.'" *Amara v. CIGNA Corp.*, 775 F.3d 510, 519 (2d Cir. 2014) (*quoting Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 362 (2011)). The Second Circuit has found class certification to be appropriate when plaintiffs seek remediation of school policies that are uniformly applied to all students. *See, e.g., R.A.G. ex rel R.B. v. Buffalo City Sch. Dist. Bd. of Educ.*, 569 Fed. App'x 41 (2d Cir. 2014) (affirming a district court's certification of a class where "Plaintiffs' entire case is predicated on a policy that is applied uniformly to all students . . . .").

Here, Plaintiffs satisfy Rule 23(b)(2) because they seek only injunctive relief that applies to all class members. That relief, as outlined in the Proposed Settlement, is system-wide revisions to DOE's policies and procedures to improve DOE's documenting, reporting, investigation, and resolution of allegations of Bullying, Corporal Punishment, and Verbal Abuse. The Proposed Settlement reserves the rights of class members to seek individual declaratory, injunctive, or damages relief. Furthermore, DOE does not oppose certification of the Proposed Class. Accordingly, class certification is appropriate here.

## 3.    Proposed Counsel Are More Than Adequate to Serve as Class Counsel

Rule 23(g) requires that the Court appoint class counsel at the time of certification. Fed. R. Civ. P. 23(g)(1). In doing so, the court must consider: (1) "the work counsel has done in identifying or investigating potential claims in the action," (2) "counsel's experience in handling

class actions, other complex litigation, and the types of claims asserted in the action," (3) "counsel's knowledge of the applicable law," and (4) "the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(a).

As mentioned above, Walden Macht & Haran LLP is experienced in class actions, complex civil litigation, and civil rights litigation. *See* Walden Decl. ¶ 3-4. Since initiating this lawsuit, it has devoted substantial time to this matter, received inquiries from members of the Potential Class, and worked to resolve the problems they have experienced. *See* Walden Decl. ¶¶ 6-9. It is well-qualified to handle this action and will fairly and adequately represent the interests of the Proposed Class. *See id.* Its abilities are further substantiated by the sweeping reform encompassed in the Proposed Settlement, which is largely based on ideas and demands it made during the settlement negotiations. Absent evidence to the contrary, the Court should presume the adequacy requirement has been met. *See Hertz v. Canrad Precision Indus., Inc.*, No. 69-CV-174, 1970 WL 236, at *1 (S.D.N.Y. Jan. 29, 1970) ("Until the contrary is clearly demonstrated, we will assume that members of the bar are skilled in their profession.") (*quoting Dolgow v. Anderson*, 43 F. R. D. 472, 496-97 (E.D.N.Y. 1968); *Fleischman v. Albany Med. Ctr.*, No. 1:06-CV-765, 2008 WL 2945993, at *4 (N.D.N.Y. July 28, 2008) ("[A]dequacy is easily presumed.").

### 4.    The Proposed Notice to the Class is Appropriate

To settle a class action, Rule 23(e)(1) provides that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). Further, for a class to be certified pursuant to Rule 23(b)(2), as requested here, "the court may direct appropriate notice to the class." Fed. R. Civ. P. 23(c)(2)(A). Regarding the adequacy of settlement notice to a class, the Second Circuit has held that "[t]here are no rigid rules to determine whether a settlement notice to the class satisfies constitutional or Rule 23(e)

14

requirements; the settlement notice must 'fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings.'" *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 114 (2d Cir. 2005) (*quoting Weinberger v. Kendrick*, 698 F.2d 61, 70 (2d Cir.1982)).

The Proposed Notice here is appropriate and comprehensive. *See* Walden Decl. Ex. B. It apprises potential class members of the Proposed Settlement by outlining the background of the case, a summary of the injunctive relief with a link to the Proposed Stipulation and Order of Settlement, and information regarding each potential class member's right to object. *See id.* The Parties propose that within ten business days of the date of entry of the Court's Order approving class certification for settlement purposes and the Proposed Notice: (1) DOE and Plaintiffs' counsel will post the Proposed Notice on their respective websites until the conclusion of the fairness hearing; (2) DOE will post the Proposed Notice in DOE Suspension Hearing Offices and Family Welcome Centers and shall maintain such postings until the conclusion of the fairness hearing; and (3) DOE shall cause the Proposed Notice to be published once in the New York Daily News and El Diario. *See* Walden Decl. ¶ 41; *see also* Richter Decl. ¶ 19. Accordingly, the Proposed Notice and method of distributing it are appropriate and should be approved.

**B.    The Proposed Settlement Merits Preliminary Approval**

Under Rule 23(e), no class-action settlement can be effective without judicial approval. Fed. R. Civ. P. 23(e). The Second Circuit has noted there is a "strong judicial policy in favor of settlements, particularly in the class action context." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) (*quoting In re PaineWebber Ltd. P'ships Litig.*, 147 F.3d 132, 138 (2d Cir.1998)). For preliminary approval, District Courts in this Circuit have found that "a full fairness analysis is unnecessary . . . ." *Reade-Alvarez v. Eltman, Eltman & Cooper, P.C.*, 237

F.R.D. 26, 34 (E.D.N.Y. 2006). Instead, "[w]here the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval, preliminary approval is granted." *In re Initial Pub. Offering Sec. Litig.*, 243 F.R.D. 79, 87 (S.D.N.Y. 2007) (*quoting In re Nasdaq Market–Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y.1997)); *see also D.S. v. New York City Dep't of Educ.*, 255 F.R.D. 59, at *80 (E.D.N.Y. 2008) (granting preliminary approval to a class action settlement for injunctive relief relating to the New York City school system).

Here, the Proposed Settlement merits preliminary approval because it is the product of significant, arms-length negotiations and its terms are substantively fair, as they represent a direct solution for the myriad of problems with the existing DOE process for addressing Bullying, Corporal Punishment, and Verbal Abuse.[1] As mentioned above, the parties engaged in lengthy and diligent settlement discussions since October 2016. Since January 2017, the parties have regularly updated the court on the progress of the settlement discussions. During these negotiations, each party was represented by a team of lawyers, who were informed of all relevant facts and fully familiar with applicable DOE regulations and policies, as well can statutory provisions and applicable case law.

The substantive terms of the Proposed Settlement are fair, adequate, and reasonable and have no obvious deficiencies. The Proposed Settlement specifically addresses each of the key issues and misconduct alleged by Plaintiffs. The key provisions are discussed below.

---

[1] Indeed, DOE certainly agrees with this assessment of the problem-solving nature of the Proposed Settlement as, on October 30, 2017, it voluntarily implemented some of the key provisions of this Proposed Settlement in response to a violent incident at a DOE school in the Bronx.

16

### 1.    Alleged Inability to Document and Track Complaints

A key problem for many parents was their inability to (a) know whether DOE had received information from teachers, staff, or other witnesses about a Bullying incident involving their child and (b) file their own complaints and assure those complaints would be investigated. The Proposed Settlement addresses both issues. Under the Proposed Settlement, when DOE staff receives information about a Bullying incident, they must report it to the principal or principal's designee within one school day. Proposed Settlement ¶ 39. When the principal or their designee receives the information, they must submit the information into DOE's Online Occurrence Reporting System ("OORS") within one school day, notify the parent of the victim student within two school days, document such notification in OORS, and conduct an investigation of the alleged Bullying incident. Proposed Settlement ¶ 40(a)-(c). Within ten school days, except when there are extenuating circumstances, the principal must determine if the Bullying allegations are substantiated, determine whether interventions and supports and necessary, document this determination, and provide a "Notice of Determination" that states, in writing, the DOE's determination of whether the allegations were substantiated. Proposed Settlement ¶ 40(d).

Moreover, the Proposed Settlement also puts power in the hands of parents to file Bullying complaints themselves through a new electronic system, which can be monitored and tracked. Systems will be available for alleged victims of either student-on-student Bullying or teacher/staff-on-student Corporal Punishment and Verbal Abuse. Proposed Settlement ¶¶ 43, 46. These systems will generate tracking numbers, which will allow DOE to quickly identify allegations and provide updates, where applicable. Proposed Settlement ¶¶ 42(d)(ii), 47. The availability of these systems does not replace other means of reporting alleged incidents, such as telephonically or by in-person meeting.

17

The electronic system for Bullying complaints will be available in multiple languages, generate a confirmation of receipt of a complaint, generate a confirmation of processing with a tracking number, provide a Notice of Determination, and, if the Notice of Determination is not provided within ten school days, generate an email advising the parent of the contact information for DOE staff who may have more information. Proposed Settlement ¶ 43(d)(i)-(iv). In addition, within five school days of receiving a Bullying complaint, OORS will send daily automatic emails to principals and relevant DOE support staff, reminding them to complete their investigation. Proposed Settlement ¶ 44.

### 2. Alleged Failure to Investigate Complaints

To address Plaintiffs' allegations regarding the inadequacy of DOE's investigations of Bullying complaints, the Proposed Settlement requires DOE to establish stricter rules and guidelines concerning investigations. Proposed Settlement ¶ 40. Among other things, DOE shall direct its staff to notify parents of allegations and complete investigations within ten school days (except when there are "extenuating circumstances," which must be documented and, therefore, can be tracked). Proposed Settlement ¶ 40. The Proposed Settlement requires yearly training on these requirements with all DOE teachers and staff. Proposed Settlement ¶ 37.

To better assist schools investigate complaints, the Proposed Settlement requires DOE to create a Central Team and designate Escalation Staff. First, DOE must designate a Central Team for macro-level assistance to schools. The Central Team will, among other things, generate monthly reports regarding whether schools are complying with the Proposed Settlement, analyze trends across the City, and provide targeted interventions and supports to schools that need additional help. Proposed Settlement ¶ 56. Separately, the Proposed Settlement requires DOE to designate an Escalation Staff to help schools resolve particular allegations of Bullying, including

by avoiding or addressing both backlogs as well as taking over investigations in certain circumstances, when requested by parents. For example, the Escalation Staff has the responsibility to take over coordination of an investigation of Bullying, at a parent's request, when the school fails to issue a determination within ten school days or an allegation of retaliation against a potential victim is made. Proposed Settlement ¶ 60.

Moreover, the Proposed Settlement changes many of the ways the DOE is required to conduct underlying investigations of Bullying, creating a more formal process and requiring the retention of certain information and evidence. DOE staff must obtain written statements, when feasible, from the students involved and any witnesses and review other relevant information, such as video records. Proposed Settlement ¶ 40(c). DOE staff must also document whether the allegations are substantiated, the interventions and supports to be provided or the determination that they are not warranted, any extenuating circumstances that prevent the school from issuing a Notice of Determination within ten school day, and the individualized support plans provided to students who have been the victim of multiple substantiated incidents in a school year. Proposed Settlement ¶ 40(d), (e), (g).

### 3.    Alleged Failure to Remediation Substantiated Cases

The Proposed Settlement also addresses how DOE is to resolve and remediate substantiated allegations of Bullying, Corporal Punishment, and/or Verbal Abuse. It does this in three ways. First, DOE must amend the current Chancellor's Regulations, which Plaintiff have alleged is inconsistent with DASA's requirement to remediate substantiated Bullying complaints, to conform with the Proposed Settlement's provisions. Second, the Proposed Settlement requires DOE to provide interventions and supports to students when they are warranted, and to document such interventions and supports in a timely manner. Proposed Settlement ¶ 40(f) & 50. Third, for any

students who has been the victim of multiple substantiated Bullying incidents within one school year, DOE must provide a written individualized support plan, which documents the assistance that DOE will provide to the student, including a plan for DOE staff to follow up to ensure that the Bullying has ceased.  Proposed Settlement ¶ 40(g).

Finally, many Plaintiffs felt unsafe in their school, even after DOE purportedly remediated the abusive behavior.  For victims of Bullying, some Plaintiffs continued to experience follow-on acts of Bullying.  For victims of Corporal Punishment and/or Verbal Abuse, some Plaintiffs were scared or intimidated when the abusive teacher or staff member was allowed to remain at their school.  The Proposed Settlement provides an important new right to all students in these circumstances.  For victims of substantiated Bullying complaints, DOE shall approve any transfer request made by a parent, unless the bullies are no longer enrolled at the school.  Proposed Settlement ¶ 64.  For victims of substantiated Corporal Punishment complaints, DOE shall approve any transfer request made by a parent if it is determined that the student is not safe at the school. Proposed Settlement ¶ 65.

### 4.    Better Tracking and Robust Enforcement Provisions

In addition to the substantive reforms outlined above, the Proposed Settlement has robust tracking and enforcement provisions.

To track compliance with the Proposed Settlement, for three full school years following the launch of the electronic system for Bullying, DOE must provide twice-yearly reports, corresponding to the Fall and Spring semesters, which will be made available to the public and greatly increase transparency concerning whether schools are complying with the Proposed Settlement.  *See* Proposed Settlement ¶ 68.  In all the reports, DOE must provide data from its electronic system, on a district-by-district basis, concerning the number of complaints submitted,

the number of complaints substantiated, whether parents were timely notified, and its documentation of interventions and supports. Proposed Settlement ¶ 69. In the report concerning the Spring semester, DOE shall also provide information regarding the number of students who were the victims of more than one Bullying incident, the resources and supports the Central Team provided to schools, and a description of trends shown by the data and recommendations to address such trends. Proposed Settlement ¶70.

As for enforcement, the Proposed Settlement allows Plaintiffs to move to enforce the Proposed Settlement if DOE systematically fails to (1) ensure the proper functioning of the electronic system, (2) timely notify parents of Bullying complaints, (3) timely issue notices of determinations, (4) record interventions and supports, or (5) prepare individualized support plans. Proposed Settlement ¶ 72(b)(ii). Systematic failure is defined as failing to meet a compliance rate of 65% for school districts and 70% for the entire DOE system in the 2019-2020 school year, 70% and 75% respectively for the 2020-2021 school year, and 75% and 80% respectively for the 2021-2022 school year. Proposed Settlement ¶ 72(b)(iii). Moreover, the Proposed Settlement also provides Plaintiffs' counsel with authority to move for enforcement action if DOE fails to implement any of the substantive portions of the Proposed Settlement, including the ability to pursue sanctions for any willful breach. Proposed Settlement ¶ 72(b)(i).

5.    **The Proposed Settlement Does Not Grant Preferential Treatment to Plaintiffs**

Although the Proposed Settlement grants individual injunctive relief to some of the Plaintiffs, this does not constitute preferential treatment because the relief is consistent with the framework established by the Proposed Settlement. Because the Proposed Settlement explicitly reserves the rights of individual members of the Proposed Class to seek individual injunctive relief, as well as monetary damages, other class members may obtain similar injunctive relief before or

21

after the Proposed Settlement becomes effective. *See* Walden Decl. at ¶ 12; *see also* Proposed Settlement ¶ 32.

Finally, the judicial policy in favor of settlement is particularly applicable here because of the time sensitivity of the injunctive relief sought and obtained through the settlement. Although the Plaintiffs believe that they can successfully establish DOE's liability at trial, the parties understand that the lengthy duration of litigation would significantly delay Plaintiffs and the Proposed Class receiving the injunctive relief in the Proposed Settlement. As many members of the Proposed Class are in their formative years, delaying this relief, and thus further depriving them of their right to a public education, would be particularly harmful. Accordingly, the Proposed Settlement should be approved.

## IV.    Conclusion

The Proposed Settlement is procedurally and substantively fair. The Proposed Class meets the requirements for class certification under Rule 23(a) and (b). As noted above, courts in this Circuit have certified classes when plaintiffs seek injunctive relief that is applied to all students within a school district. Plaintiffs' counsel satisfies the requirements of Rule 23(g) and is adequate to serve as counsel for the Proposed Class. Finally, the Proposed Notice complies with Rule 23(e)(1). For the foregoing reasons, the Joint Motion for Preliminary Approval of Settlement, Class Certification, Certification of Class Representatives, Approval of Selection of Counsel, and Notice to Class Members should be granted.

Dated: New York, New York
April 9, 2018

WALDEN MACHT & HARAN LLP
Attorneys for Plaintiffs
One Battery Park Plaza, 34th Floor
New York, New York 10004
(212) 335-2030
(212) 335-2040 (fax)
jwalden@wmhlaw.com
jlin@wmhlaw.com

By: _____
JIM WALDEN
JOHNSON LIN
CATHERINE SLOAN
ADAM COHEN
DANIEL COHEN
AVNI PATEL
DIANA LEE
YEETA YEGER